## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC,[1] | Jointly Administered |
| Debtors. | |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY AND FIRST STATE INSURANCE COMPANY, | Adv. Proc. No. 20-50601-LSS |
| Plaintiffs, | |
| v. | |
| BOY SCOUTS OF AMERICA, *et al.*, | |
| Defendants. | |

### DEFENDANTS' MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' ADVERSARY COMPLAINT

Defendants Boy Scouts of America (the "BSA") and the local councils named as Defendants (the "Councils")[2] in Hartford Accident and Indemnity Company and First State Insurance Company's (collectively, "Hartford") Adversary Complaint (the "Complaint") respectfully file this motion to extend the deadline to answer or otherwise respond to Plaintiffs' complaint (the "Motion"). In support of this Motion, the BSA and the Councils state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] *See* Doc. No. 1, ¶¶ 13-52. On information and belief, BSA does not have a record of a New Jersey Council (¶ 36) or Oregon Council (¶ 41) that were named as defendants in the Complaint. Hartford has also named as defendants certain predecessor local councils that have now merged with other local councils not specifically named as defendants. Further, the BSA and the Councils are currently working together to determine any issues regarding representation in order to prepare a joint, coordinated response to the Complaint; however, all Councils have agreed to the extension through September 15, 2020, as requested below.

## BACKGROUND

1.      On May 15, 2020, Hartford filed their Complaint seeking declaratory judgment and contribution relating to insurance coverage for underlying abuse claims against the BSA, the Councils and certain of the BSA's and the Councils' insurers.

2.      Notably, Hartford's Complaint seeks to adjudicate the same insurance-coverage issues that the BSA and certain local councils seek to resolve in an action currently pending before the United States District Court for the Northern District of Texas (the "Texas Action"). *See Boy Scouts of America, et al. v. The Hartford Accident and Indemnity Co., et al.*, Cause No. 3:19-cv-01318.

3.      The Texas Action was initially commenced by the BSA and certain of the Councils in the District Court of Dallas County, Texas (the "Texas State Court") on June 5, 2018.

4.      Nearly a year later, on May 31, 2019, Hartford improperly removed the Texas Action to the District Court of Texas on the grounds that the BSA improperly joined a local council (an additional insured entitled to coverage under the Hartford policies) to defeat diversity jurisdiction. *See id.*, Doc. No. 1 (Notice of Removal).

5.      On June 21, 2019, the BSA and certain of the Councils filed its Motion to Remand the Texas Action back to the Texas State Court.

6.      On March 10, 2020, the District Court issued an order holding that, the local council was properly joined as a plaintiff (thereby, rejecting Hartford's basis for removal). *Id.*, Doc. No. 26.  However, the District Court denied the BSA's motion to remand because, by that time, the BSA had filed for bankruptcy and the court noted that there may be "related to" jurisdiction because of the BSA's bankruptcy proceeding.  *Id.*  In doing so, the Court noted that

its denial was without prejudice to the BSA filing a second motion to remand to address the "related to" jurisdiction issue.  *Id.*

7.      On March 31, 2020, the BSA filed its Motion for Abstention and Remand, asserting mandatory and discretionary abstention.[3]

8.      Only one **week** after briefing on the BSA's Motion for Abstention and Remand was completed in the Texas Action, Hartford filed its Complaint in this Court.  *See id.*, Doc. No. 33.

9.      On June 30, 2020,[4] the Court issued a summons to the BSA and the Councils and established July 30, 2020 as the deadline by which the BSA and the Councils must answer or file a responsive pleading to the Complaint (the "Response Deadline").

10.      The BSA and the Councils intend to move to dismiss Hartford's Complaint on the same mandatory and discretionary abstention grounds as those set forth in the BSA's Motion for Abstention and Remand currently pending before the District Court of Texas.

11.      The BSA and the Councils need additional time to file a response given the parties need to coordinate the filing of their responsive pleading.  As such, the BSA and the Councils requested a 45-day extension through September 15, 2020 from Hartford.[5]

12.      Hartford agreed to the extension but only on the condition that the extension of the response would not defer or delay any party's ability to issue, or obligation to respond to, discovery.  *See* Exhibit A, Email from J. Weinberg to A. Azer dated July 24, 2020.  This again reflects Hartford's gamesmanship.  Hartford's intent to proceed with discovery is merely Hartford's attempt to bolster its argument that dismissal of its Complaint based on mandatory

---

[3] Hartford also contemporaneously filed its Motion to Transfer Venue to the U.S. District Court for the District of Delaware.  Doc. No. 27.  That motion is also briefed and pending before the U.S. District Court of Texas.

[4] The Councils were served on or very near to the date BSA was served, between June 30, 2020 and July 3, 2020.

[5] Counsel for the BSA and the Councils also requested Hartford extend the deadline as a professional courtesy given that several counsel have planned vacation in August.

and discretionary abstention is inappropriate given the parties have advanced in discovery.  Any such argument from Hartford lacks any merit.

## **RELIEF REQUESTED**

13.     Pursuant to section 105(a) of title 11 of the United States Code, Rules 7012 and 9006(b) of the Federal Rules of Bankruptcy Procedure, and Rules 7012-2 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the BSA and the Councils request that the Court extend the Response Deadline until September 15, 2020.

## **BASIS FOR RELIEF**

14.     The Court "for cause shown may at any time in its discretion . . . with or without motion or notice" extend unexpired time periods.  Fed R. Bankr. P. 9006(b)(1).  "Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding . . . must be filed with the Court prior to the expiration of the deadline to be extended."  Del. Bankr. L.R. 7012-2.  Additionally, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code."  11 U.S.C. § 105(a).

15.     Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

16.     The BSA and the Councils are currently working together to determine any issues regarding representation in order to prepare a joint, coordinated motion to dismiss based on

abstention – the same motion and arguments that is currently pending before the District Court of Texas.  The BSA and the Councils believe that this goal will be achieved in the coming weeks.

17.    As such, the BSA and the Councils request an extension of the Response Deadline so that they may continue to work in cooperation to file a joint motion to dismiss based on abstention, and to avoid the unnecessary expenditure of judicial resources by filing individual responses.

WHEREFORE, the BSA and the Councils respectfully request that the Court enter an order extending the Deadline from July 30, 2020 to September 15, 2020, and grant the BSA and the Councils such other and further relief as the Court deems just and proper, including but not limited to a stay of all discovery pending resolution of the forthcoming motion to dismiss.

Dated:  July 24, 2020
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@mnat.com
        aremming@mnat.com
        emoats@mnat.com
        ptopper@mnat.com

– and –

HAYNES AND BOONE, L.L.P.
Ernest Martin, Jr.
Carla Green
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:  (214) 651-5000
Email:  ernestmartin@haynesboone.com
        carlagreen@haynesboone.com
ATTORNEYS FOR THE BSA