**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY AND FIRST STATE INSURANCE COMPANY,<br><br>           Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, *et al.*,<br><br>           Defendants | Adv. Proc. No. 20-50601-LSS<br><br>**Ref. Docket No. 8** |

**RESPONSE OF FIRST STATE INSURANCE COMPANY AND HARTFORD ACCIDENT AND INDEMNITY COMPANY TO DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO <u>PLAINTIFFS' ADVERSARY COMPLAINT</u>**

Plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company (collectively, "Hartford") respectfully submit this response to the motion by certain defendants -- Boy Scouts of America ("BSA") for itself and certain local councils -- seeking to extend their time to respond to Hartford's adversary complaint. Hartford responds to correct the facts regarding its position with regard to BSA's motion and states as follows:

    1.    Hartford and BSA have a disagreement over where insurance coverage disputes

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

1

should be resolved. Hartford believes these disputes should be resolved in Delaware as part of the comprehensive insurance adversary proceeding it filed, while BSA believes these disputes should be resolved piecemeal in a Texas state court action that BSA filed only against Hartford.

2. Hartford believes the insurance issues should be decided here because all issues between and among (i) Hartford, (ii) BSA and (iii) BSA's other insurers need to be resolved for the Court and parties to know which insurers will pay what amounts toward which underlying claims. Because Hartford believes these issues should be resolved here, Hartford on March 26, 2020, moved the Texas federal court where BSA's Texas action currently is pending to transfer venue to Delaware. There is nothing improper or untoward about Hartford's transfer request.

3. Hartford filed this adversary complaint on May 15, 2020. BSA received notice of it electronically that day. We also know from BSA's fee applications that BSA's counsel reviewed the complaint that same day and started to work on its response to the complaint no later than May 20. Hartford formally served its adversary complaint on BSA on June 30. BSA's answer date, barring an extension, was July 30, 2020.

4. On July 21, BSA asked Hartford for an extension to respond to the complaint until September 15. Hartford agreed, so long as BSA did not defer or delay any party's ability to serve or respond to discovery. That should have been an unsurprising condition given BSA's public statements about its need to accelerate its reorganization, as well as Hartford's (and no doubt other insurers') need for information to resolve coverage issues, whether resolved through mediation or litigation.

5. Hartford did not assert this condition because of "gamesmanship." Hartford needs information from BSA and there is no reason to delay Hartford's ability to ask for it formally. That will, in turn, start the clock on BSA's time to respond and, should the parties disagree over

the adequacy of those responses, will accelerate any necessary motion practice.

6.     BSA's motion veers off-course and into a discussion of its anticipated motion to abstain and Hartford's response to that not-yet-filed motion.  Should BSA make that motion -- and Hartford is hard-pressed as to why it needs a 45-day extension to do so, as BSA started working on its response by May 20, more than two months ago -- then Hartford will make whatever arguments it deems appropriate based on whatever information it believes is relevant.

7.     BSA requested an extension of time to respond not because it needed more time, but rather for a strategic advantage both here in connection with a not-yet-filed motion and in Texas in connection with Hartford's pending motion to transfer.  BSA's motion fails to state any credible reason for why it needs an additional 45 days to respond to a complaint it has already spent months reviewing.  Nor does it offer any argument whatsoever as to why the Court should not condition any extension on the parties' right to serve discovery.

## **CONCLUSION**

Hartford respectfully requests that the Court deny BSA's Motion to the extent it seeks an extension of time to respond to Hartford's complaint that would delay any party's right to issue, or obligation to respond to, discovery.

| | |
|---|---|
| Date: July 31, 2020<br>  Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Erin R. Fay*<br>Erin R. Fay (No. 5268)<br>Gregory J. Flasser (No. 6154)<br>600 North King Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>Email: efay@bayardlaw.com<br>       gflasser@bayardlaw.com<br><br>- and -<br><br>James P. Ruggeri (admitted *pro hac vice*)<br>Joshua D. Weinberg (admitted *pro hac vice*)<br>Abigail W. Williams (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>1875 K Street, NW, Suite 600<br>Washington, DC 20003<br>Tel: (202) 469-7750<br>Fax: (202) 469-7751<br><br>- and -<br><br>Eric S. Goldstein (admitted *pro hac vice*)<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel: (860) 251-5000<br>Fax: (860) 251-5099<br><br>*Attorneys for First State Insurance Company and Hartford Accident and Indemnity Company* |