**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA LLC, | Case No.: 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY AND FIRST STATE INSURANCE COMPANY, | Adv. Proc. No. 20-50601 (LSS) |
| Plaintiffs, | |
| v. | |
| BOY SCOUTS OF AMERICA; ALOHA COUNCIL; CASCADE PACIFIC COUNCIL; CHIEF SEATTLE COUNCIL; CIRCLE TEN COUNCIL; CONNECTICUT YANKEE COUNCIL; CONNECTICUT YANKEE AND FAIRFIELD COUNTY COUNCIL; CRATER LAKE COUNCIL; GAMEHAVEN COUNCIL; GLACIER'S EDGE COUNCIL; GREAT ALASKA COUNCIL; GREATER LOS ANGELES AREA COUNCIL; INLAND NORTHWEST COUNCIL; KATAHDIN AREA COUNCIL; LINCOLN HERITAGE COUNCIL; LONGHORN COUNCIL; LONGS PEAK COUNCIL; MAYFLOWER COUNCIL; MOHEGAN COUNCIL; MONTANA COUNCIL; MOUNT BAKER COUNCIL; MOUNT DIABLO SILVERADO; NEW JERSEY COUNCIL; NORTH FLORIDA COUNCIL; NORTHEAST GEORGIA COUNCIL; NORTHERN NEW JERSEY COUNCIL; NORTHERN STAR COUNCIL; OREGON COUNCIL; OREGON TRIAL COUNCIL; ORE-IDA COUNCIL; PACIFIC HARBORS COUNCIL; PATRIOTS' PATH COUNCIL; PEE DEE AREA COUNCIL; SAGAMORE | |

COUNCIL; SAM HOUSTON AREA
COUNCIL; SHAWNEE TRAILS COUNCIL;
SOUTH FLORIDA COUNCIL; SPIRIT OF
ADVENTURE COUNCIL; TIDEWATER
COUNCIL; INSURANCE COMPANY OF
NORTH AMERICA; ARGONAUT
INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH PA; CERTAIN
UNDERWRITERS AT LLOYD'S LONDON;
TRAVELERS CASUALTY AND SURETY
COMPANY, INC. (f/k/a Aetna Casualty and
Surety Company); ALLIANZ GLOBAL
RISKS US INSURANCE COMPANY (f/k/a
Allianz Insurance Company); NATIONAL
SURETY CORPORATION; COLUMBIA
CASUALTY COMPANY; ARROWOOD
INDEMNITY COMPANY (f/k/a Royal
Indemnity Company); FEDERAL
INSURANCE COMPANY; UNITED
STATES FIRE INSURANCE COMPANY;
UTICA MUTUAL INSURANCE
COMPANY; PACIFIC EMPLOYERS
INSURANCE COMPANY; HARBOR
INSURANCE COMPANY; PAUL FIRE
SURPLUS LINES INSURANCE
COMPANY; CHUBB CUSTOM
INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; THE
INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA; TIG INSURANCE
COMPANY, AS SUCCESSOR TO
MERGER TO INTERNATIONAL
INSURANCE COMPANY; GENERAL
STAR INDEMNITY COMPANY;
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY (f/k/a
INDUSTRIAL INSURANCE COMPANY
OF HAWAII); INDUSTRIAL INDEMNITY
COMPANY; GULF INSURANCE
COMPANY; NIAGARA FIRE INSURANCE
COMPANY; CALIFORNIA UNION
INSURANCE COMPANY;
AGRICULTURAL INSURANCE
COMPANY; TEXAS PACIFIC
INDEMNITY COMPANY; LIBERTY

MUTUAL INSURANCE COMPANY;
CONTINENTAL INSURANCE COMPANY

Defendants.

## UTICA'S ANSWER AND SEPARATE DEFENSES TO COMPLAINT

Defendant Utica Mutual Insurance Company ("Utica"), by way of Answer to the

Complaint of plaintiffs Hartford Accident and Indemnity Company and First State Insurance

Company (collectively, "Hartford"), says:

## NATURE OF THE ACTION

1.      Utica is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1.

2.       Utica is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 2.

3.      Utica is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 3.

4.      Utica is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 4.

5.      To the extent allegations are asserted against Utica, Utica denies the

allegations as characterized by Hartford in paragraph 5, except Utica admits that it issued the

Utica Policy (as defined below in paragraph 68) and Utica refers to the Utica Policy for its

precise terms, conditions, exclusions and endorsements.  Utica is without knowledge or

information sufficient to form a belief as to the truth of the allegations asserted against the other

defendants in paragraph 5.

6.      Utica denies the allegations asserted against it in paragraph 6, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 contains legal conclusions to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica denies the allegations asserted against it in paragraph 8, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.      Paragraph 10 contains legal conclusions to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

## PARTIES

### *Hartford Insurers*

11.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

### *BSA and Local Councils*

13.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 13.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 13.

14.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 14.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 14.

15.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 15.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 15.

16.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 16.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 16.

17. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 17. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 18. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 19. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 19.

20. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 20. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 20.

21. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 21. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 21.

22. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 22. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 23. Utica is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 23.

24.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 24.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 24.

25.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 25.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 25.

26.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 26.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 26.

27.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 27.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 27.

28.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 28.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 28.

29.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 29.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 29.

30.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 30.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 30.

31.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 31.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 31.

32.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 32.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 32.

33.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 33.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 33.

34.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 34.  Utica is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 34.

35.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 35.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 35.

36.     To the extent allegations are asserted against Utica, To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 36.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 36.

37.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 37.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 37.

38.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 38.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 38.

39.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 39.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 40.  Utica is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 40.

41.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 41.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 41.

42.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 42.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 42.

43.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 43.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 43.

44.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 44.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 44.

45.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 45.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 45.

46.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 46.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 46.

47.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 47.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 47.

48.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 48.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 48.

49.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 49.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 49.

50.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 50.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 50.

51.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 51.  Utica is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 51.

52.     To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 52.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 52.

## BSA's Other Insurers

53.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.     Utica denies the allegations as characterized by Hartford in paragraph 68, except it admits that Utica is a corporation organized under the laws of the State of New York and has its principal place of business in New York.  Utica admits that it issued an excess liability policy to Boy Scouts of America – National Council, effective from March 1, 1986 to March 1, 1987, (the "Utica Policy") and Utica refers to the Utica Policy for its precise terms, conditions, exclusions and endorsements.

69.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     Paragraph 88 contains statements to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica denies any allegations asserted against it in paragraph 88, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 88.

### BACKGROUND

#### *The Hartford Policies*

89.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.

95.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.     Paragraph 98 contains statements to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Utica admits only that the term "Hartford Policies" is used by Hartford in the Complaint.

### *The Sexual Abuse Lawsuits*

99.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.    Utica denies the allegations as characterized by Hartford in paragraph 102, except it admits that BSA filed a Chapter 11 proceeding in this Court and Utica refers to the pleadings filed by BSA in the Chapter 11 proceeding for their precise terms.

***BSA's Failure to Provide Notice or Obtain Consent***

103.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

## FIRST CLAIM FOR RELIEF
### *Breach of Contract – Duty to Cooperate*
### *As to Defendant BSA*

107.    Utica incorporates by reference its responses to paragraphs 1 through 106 as if set forth at length herein.

108.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 as they are asserted only against BSA.

109.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 as they are asserted only against BSA.

110.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 as they are asserted only against BSA.

111.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 as they are asserted only against BSA.

112.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 as they are asserted only against BSA.

113.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 as they are asserted only against BSA.

114.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 as they are asserted only against BSA.

115.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 as they are asserted only against BSA.

116.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 as they are asserted only against BSA.

117.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 as they are asserted only against BSA.

118.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 as they are asserted only against BSA.

119.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 as they are asserted only against BSA.

120.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 as they are asserted only against BSA.

121.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 as they are asserted only against BSA.

122.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 as they are asserted only against BSA.

123.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 as they are asserted only against BSA.

124.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 as they are asserted only against BSA.

125.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 as they are asserted only against BSA.

126.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 as they are asserted only against BSA.

**SECOND CLAIM FOR RELIEF**
***Declaratory Judgment – Number of Occurrences***
***As to All Defendants***

127.     Utica incorporates by reference its responses to paragraphs 1 through 126 as if set forth at length herein.

128.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.     Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131.

132.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.    Utica denies the allegations as characterized by Hartford in paragraph 133 and refers to the pleadings filed in the Underlying Lawsuits for their precise allegations.

134.    To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 134.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 134.

135.    To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 135.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 135.

136.    To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 136.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 136.

**THIRD CLAIM FOR RELIEF**

*Declaratory Judgment – No Coverage For Underlying Lawsuits Because Alleged Conduct Is Not An "Accident" and or Injury is "Expected" or "Intended" As to All Defendants*

137.   Utica incorporates by reference its responses to paragraphs 1 through 136 as if set forth at length herein.

138.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.   Utica denies the allegations as characterized by Hartford in paragraph 141 and refers to the pleadings filed in the Underlying Lawsuits for their precise allegations.

142.   Utica denies the allegations as characterized by Hartford in paragraph 142 and refers to the pleadings filed in the Underlying Lawsuits for their precise allegations.

143.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144.   Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.   To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 145.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 145.

21

146.    To the extent allegations are asserted against Utica, Utica denies the allegations asserted against it in paragraph 146.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 146.

**FOURTH CLAIM FOR RELIEF**
*Declaratory Judgment – Trigger of Coverage*
*As to All Defendants*

147.    Utica incorporates by reference its responses to paragraphs 1 through 146 as if set forth at length herein.

148.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

149.    Utica denies the allegations as characterized by Hartford in paragraph 149 and refers to the Utica Policy for its precise terms, conditions, exclusions and endorsements. Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 149.

150.    Utica denies the allegations as characterized by Hartford in paragraph 150 and admits only that a dispute exists regarding the parties' respective rights and obligations, if any, under certain insurance policies in connection with the Underlying Lawsuits.

151.    Utica denies the allegations asserted against it in paragraph 151 and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 151.

### FIFTH CLAIM FOR RELIEF
*Declaratory Judgment – Allocation*
*As to All Defendants*

152.    Utica incorporates by reference its responses to paragraphs 1 through 151 as if set forth at length herein.

153.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.    To the extent allegations are asserted against Utica, Utica denies the allegations contained in paragraph 154.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 154.

155.    Utica denies the allegations asserted against it in paragraph 155 and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 155.

### SIXTH CLAIM FOR RELIEF
*Declaratory Judgment – No Coverage Under First State Policy EU006291*
*As to All Defendants*

156.    Utica incorporates by reference its responses to paragraphs 1 through 155 as if set forth at length herein.

157.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 as assert against any other insurers but Utica admits only that the Utica Policy contains a child molestation exclusion and Utica refers to

this exclusion for its precise terms and to the Utica Policy in its entirety for its terms, conditions, exclusions and endorsements.

159.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158.

160.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 but Utica admits only that the Utica Policy contains a child molestation exclusion which bars coverage for the Underlying Lawsuits.

161.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 but Utica admits only that the Utica Policy contains a child molestation exclusion which bars coverage for the Underlying Lawsuits.

162.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 but Utica admits only that the Utica Policy contains a child molestation exclusion which bars coverage for the Underlying Lawsuits.

### SEVENTH CLAIM FOR RELIEF
***Declaratory Judgment – No Dropdown for First State Policy EU006291***
***As to All Defendants***

163.    Utica incorporates by reference its responses to paragraphs 1 through 162 as if set forth at length herein.

164.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

165.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165.

166.    To the extent the allegations in paragraph 166 are asserted against Utica, Utica denies the allegations asserted against it.  Utica is without knowledge or information

sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 166.

167.    To the extent the allegations in paragraph 167 are asserted against Utica, Utica denies the allegations asserted against it.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 167.

168.    To the extent the allegations in paragraph 168 are asserted against Utica, Utica denies the allegations asserted against it.  Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 168.

## EIGHTH CLAIM FOR RELIEF
### *Declaratory Judgment – No Coverage For Underlying Lawsuits For Which BSA Failed to Provide Notice*
### *As to BSA and the local councils*

169.    Utica incorporates by reference its responses to paragraphs 1 through 168 as if set forth at length herein.

170.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 which are asserted only against BSA and the local councils.

171.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 which are asserted only against BSA and the local councils.

172.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 which are asserted only against BSA and the local councils.

173.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 which are asserted only against BSA and the local councils.

174.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 which are asserted only against BSA and the local councils.

175.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 which are asserted only against BSA and the local councils.

176.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 which are asserted only against BSA and the local councils.

## NINTH CLAIM FOR RELIEF
### Declaratory Judgment – No Coverage For Underlying Lawsuits For Which BSA Failed To Obtain Consent to Settle
### As to BSA and the local councils

177.    Utica incorporates by reference its responses to paragraphs 1 through 176 as if set forth at length herein.

178.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 which are asserted only against BSA and the local councils.

179.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 which are asserted only against BSA and the local councils.

180.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 which are asserted only against BSA and the local councils.

181.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 which are asserted only against BSA and the local councils.

182.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 which are asserted only against BSA and the local councils.

183.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 which are asserted only against BSA and the local councils.

184.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 which are asserted only against BSA and the local councils.

185.    Utica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 which are asserted only against BSA and the local councils.

## TENTH CLAIM FOR RELIEF
### *Equitable Contribution (or other similar relief)*
### *As to Insurer Defendants*

186.    Utica incorporates by reference its responses to paragraphs 1 through 185 as if set forth at length herein.

187.    Utica denies the allegations asserted against it in paragraph 187 and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 187.

188.    Utica denies the allegations asserted against it in paragraph 188 and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 188.

189.    Utica denies the allegations asserted against it in paragraph 189 and is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the other defendants in paragraph 189.

## **PRAYER FOR RELIEF**

Utica denies the allegations contained in Hartford's Prayer for Relief and denies that Hartford is entitled to any relief from Utica.

## **SEPARATE DEFENSES**

By characterizing the following as separate defenses, Utica does not admit that it bears the burden of proof of any of the issues raised by the following separate defenses.  Subject to and without waiving any of the foregoing, Utica identifies the following separate defenses upon which it may rely at the time of trial:

## FIRST SEPARATE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as alleged against Utica.

SECOND SEPARATE DEFENSE

(Statute of Limitations)

The claims asserted in the Complaint are barred by the applicable statute of limitations.

THIRD SEPARATE DEFENSE

(Laches and/or Waiver)

The claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

FOURTH SEPARATE DEFENSE

(Equitable Estoppel)

The claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

FIFTH SEPARATE DEFENSE

(Failure to Give Timely Notice)

The claims asserted in the Complaint are barred, in whole or in part, to the extent that the insured(s) under the Utica Policy had notice of conditions, events or damages referred to in the Complaint and failed to give timely notice to Utica in accordance with the terms of the Utica Policy.

SIXTH SEPARATE DEFENSE

(Child Molestation Exclusion)

The claims asserted in the Complaint are barred by the child molestation exclusion in the Utica Policy.  The Utica Policy does not provide coverage for any injury sustained by any person arising out of or resulting from the molesting of minors and/or the

29

sexual harassment of minors by any insured, any employee of any insured, or any person performing volunteer services for or on behalf of any insured.  Utica has no duty to defend any suit against the insured seeking damages on account of any such injury.

## SEVENTH SEPARATE DEFENSE

### (Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Utica Policy.

## EIGHTH SEPARATE DEFENSE

### (Failure to Particularize Claims)

The Complaint does not describe the claims made against Utica with sufficient particularity to enable Utica to determine all defenses (including defenses based upon the terms, conditions or exclusions of the Utica Policy) it has in response to this suit.  Utica therefore reserves its right to assert any and all additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

## NINTH SEPARATE DEFENSE

### (Failure to Disclose Material Facts)

To the extent the insured negligently or intentionally failed to disclose or misrepresented facts that were material to the risks undertaken by Utica, and Utica relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Utica Policy and would not have issued, renewed or continued in force such Utica Policy but for the acts or omissions of the insured, Hartford's claims asserted in the Complaint are barred and the Utica Policy are void *ab initio*.

## TENTH SEPARATE DEFENSE

(Failure to Perform Condition Precedent)

To the extent the insured has failed to perform all of its obligations under the Utica Policy, the claims asserted in the Complaint are barred, in whole or in part.

## ELEVENTH SEPARATE DEFENSE

(Failure to Mitigate Damages)

To the extent that the insured failed to mitigate, minimize or avoid any damages referred to in the Complaint, any liability of the insured for such damage is not covered under the Utica Policy.

## TWELFTH SEPARATE DEFENSE

(Failure to Join Necessary and Indispensable Parties)

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including parties whose identities are currently unknown to Utica.

## THIRTEENTH SEPARATE DEFENSE

(Alleged or Incomplete Policy)

The claims asserted in the Complaint are barred, in whole or in part, to the extent that Hartford or the insured is unable to prove the existence, terms, conditions, exclusions, endorsements, limits and effective period of the Utica Policy.

## FOURTEENTH SEPARATE DEFENSE

(No "Occurrence")

Upon information and belief, the claims asserted in the Complaint and/or the claims asserted in the Underlying Lawsuits referred to in the Complaint are barred, in whole or in part, as they do not constitute an "Occurrence" within the meaning of the Utica Policy.

## FIFTEENTH SEPARATE DEFENSE

(No Bodily Injury or Personal Injury)

Upon information and belief, the claims asserted in the Complaint and/or the claims asserted in the Underlying Lawsuits referred to in the Complaint are barred, in whole or in part, because the injuries asserted do not constitute bodily injury or personal injury within the meaning of the Utica Policy.

## SIXTEENTH SEPARATE DEFENSE

(Bodily Injury or Personal Injury Not Within the Policy Period)

The Utica Policy provides coverage only for bodily injury or personal injury that occurs during the policy period of the Utica Policy.  The claims asserted in the Complaint and/or the claims asserted in the Underlying Lawsuits referred to in the Complaint are barred, in whole or in part, to the extent that any of the bodily injury or personal injury referred to therein occurred prior to the commencement or after the expiration of the period during which a Utica Policy was in effect.

## SEVENTEENTH SEPARATE DEFENSE

(Loss Not Sustained by Insured)

The Utica Policy provides coverage only for liabilities arising out of acts or omissions of the insured as defined in the Utica Policy.  To the extent that the Underlying

Lawsuits referred to in the Complaint and/or any of the claims in the Complaint assert claims for recovery for losses sustained by or attributable to individuals or organizations that do not qualify as an insured under the terms of the Utica Policy, those claims are barred.

EIGHTEENTH SEPARATE DEFENSE

(Known Loss/Loss in Progress)

The Utica Policy does not provide coverage for any loss that was in progress or that was known to the insured at the time the Utica Policy was issued.  To the extent that the Underlying Lawsuits referred to in the Complaint and/or any of the claims in the Complaint seek damages for a loss in progress or known to the insured at the time of the issuance of the Utica Policy, such claims are barred, in whole or in part.

NINETEENTH SEPARATE DEFENSE

(No Loss or Damage as Defined in the Utica Policy)

The claims in the Complaint are barred, in whole or in part, to the extent that the Underlying Lawsuits referred to in the Complaint and/or any of the claims in the Complaint do not arise from loss or damage as those terms are used or defined in the Utica Policy.

TWENTIETH SEPARATE DEFENSE

(Failure to Prevent Injury or Damage)

The claims in the Complaint are barred, in whole or in part, to the extent that with respect to the Underlying Lawsuits referred to in the Complaint and/or any of the claims in the Complaint, the insured failed to take, at its own expense, all reasonable steps to prevent bodily injury or personal injury and damage arising out of the same or similar conditions.

## TWENTY-FIRST SEPARATE DEFENSE

(Loss Assumed by Contract or Agreement)

The claims in the Complaint are barred, in whole or in part, to the extent that with respect to the Underlying Lawsuits referred to in the Complaint and/or any of the claims in the Complaint, some or all of the alleged liabilities for which the insured asserts recovery have been assumed pursuant to contract or agreement.

## TWENTY-SECOND SEPARATE DEFENSE

(No Coverage for Fines, Penalties or Punitive Damages)

To the extent that the alleged acts or failures to act that give rise to the Underlying Lawsuits violate any law, governmental regulation or public policy, or to the extent that the insured or Hartford seeks indemnity for fines, penalties or punitive damages that have been or may be assessed against the insured, the insured is not entitled to coverage under the Utica Policy.

## TWENTY-THIRD SEPARATE DEFENSE

(No Coverage for Intentional, Willful or Deliberate Acts or Conduct)

Hartford's causes of action against Utica are barred, in whole or in part, to the extent the Underlying Lawsuits, or the alleged costs, injuries or damages in the Underlying Lawsuits, were caused by the intentional, willful or deliberate acts or conduct of the insured.

## TWENTY-FOURTH SEPARATE DEFENSE

(Limits of Liability/Loss Sensitive Features)

Any duty of Utica to reimburse or indemnify the insured under the Utica Policy with respect to the Underlying Lawsuits referred to in the Complaint and/or any of the claims in the Complaint is subject to the applicable deductibles, retentions and limits of liability contained in the Utica Policy.

### TWENTY-FIFTH SEPARATE DEFENSE

(Other Insurance)

The Utica Policy excludes or reduces coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available.  The amount of coverage, if any, provided in the Utica Policy, is reduced in whole or in part, to the extent other valid insurance is available to the insured.

### TWENTY-SIXTH SEPARATE DEFENSE

(Rights Impaired or Prejudiced)

To the extent that any right of subrogation, indemnification or contribution Utica has or may have had has been impaired or prejudiced, the claims asserted in the Complaint are barred as to Utica.

### TWENTY-SEVENTH SEPARATE DEFENSE

(Expected or Intended Damages)

Hartford's claims are barred, in whole or in part, to the extent the damages alleged in the Complaint were expected or intended from the standpoint of the insured.

### TWENTY-EIGHTH SEPARATE DEFENSE

(Unreasonable Amounts Paid)

To the extent that any amounts paid or to be paid to the underlying claimants are unreasonable, imprudent, excessive, or unjustified, those amounts are not covered under the Utica Policy.

### TWENTY-NINTH SEPARATE DEFENSE

(Unreasonable Defense Costs)

To the extent that any amounts paid or to be paid as defense costs are not reasonable or necessary, those amounts are not covered under the Utica Policy.

## THIRTIETH SEPARATE DEFENSE

(Failure to Cooperate)

To the extent any insured has failed to cooperate with Utica in accordance with the terms of the Utica Policy, Utica has no obligation under the alleged Utica Policy to defend or indemnify the insured, and the claims asserted in the Complaint are therefore barred as to the Utica Policy.

## THIRTY-FIRST SEPARATE DEFENSE

(Failure to Maintain Underlying Coverage)

Coverage for the Underlying Lawsuits is barred to the extent that the insured failed to maintain in force any underlying insurance coverage under the terms of the Utica Policy.

## THIRTY-SECOND SEPARATE DEFENSE

(Underlying Coverage Not Exhausted)

Utica has no duty to make any payments to the insured under the Utica Policy because, upon information and belief, the limits of underlying insurance have not been exhausted.

## THIRTY-THIRD SEPARATE DEFENSE

(No Duty to Defend)

Utica has no duty to defend the insured under the Utica Policy for the Underlying Lawsuits identified in the Complaint because, upon information and belief, the limits of underlying insurance or any other available insurance have not been exhausted.

36

## THIRTY-FOURTH SEPARATE DEFENSE

(No Obligation to Drop Down)

Utica has no obligation under the Utica Policy to drop down or otherwise replace underlying insurance.

## THIRTY-FIFTH SEPARATE DEFENSE

(Ultimate Net Loss)

The claims asserted in the Complaint are barred to the extent the insured(s)' obligation to pay ultimate net loss or damages in excess of the underlying limit or retained limit with respect to any occurrence has not been finally determined either by judgment against the insured(s) or by written agreement of the insured(s), the claimant(s) and Utica.

## THIRTY-SIXTH SEPARATE DEFENSE

(Allocation)

In the event that Utica is found to be in any way liable in this matter, any coverage must be appropriately allocated among all insurers as well as to uninsured, self-insured and/or other-insured periods.

## THIRTY-SEVENTH SEPARATE DEFENSE

(Costs, Expenses and Attorneys' Fees)

Hartford is not entitled to recover from Utica its costs, expenses and attorneys' fees in this action.

## **RESERVATION OF RIGHT TO AMEND AND NON-WAIVER**

Utica reserves the right to amend this answer, to assert additional separate and other defenses (including without limitation based on any of the terms, conditions or exclusions in any Utica Policy at law, in equity or otherwise), and to supplement, alter or change this answer and these defenses upon discovery and investigation in this matter.

WHEREFORE Utica respectfully requests that this Court determine and enter judgment:

(a)     dismissing Hartford's Complaint with prejudice as to Utica;

(b)     declaring that Utica is not obligated to contribute to the payment of any past or future defense or indemnity costs in connection with the Underlying Lawsuits and/or any other claims asserted in this action, and that Hartford does not have the right to any other recovery from Utica; and

(c)     awarding to Utica such further relief that this Court deems just and proper.


By:   _/s/William A. Crawford_____
        William A. Crawford (ID No. 5600)
        FRANKLIN & PROKOPIK, P.C.
        500 Creek View Road
        Suite 502
        Newark, DE 19711

        and

        Robert W. Mauriello, Jr.
        (*application for admission pro hac vice to be filed*)
        GIMIGLIANO MAURIELLO & MALONEY, P.A.
        163 Madison Avenue, Suite 500
        P. O. Box 1449
        Morristown, New Jersey 07962-1449
        (973) 946-8360
        rmauriello@lawgmm.com

        Attorneys for Defendant
        Utica Mutual Insurance Company


Dated: August 14, 2020