## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY AND FIRST STATE INSURANCE COMPANY, | Adv. Proc. No. 20-50601-LSS |
| Plaintiffs, | |
| v. | |
| BOY SCOUTS OF AMERICA, *et al.*, | |
| Defendants | |

## JOINT MOTION TO STAY ADVERSARY PROCEEDING

Plaintiffs Hartford Accident and Indemnity Company and First State Insurance Company (collectively, "Hartford") and Defendant Boy Scouts of America ("BSA"; together with Hartford, the "Parties") hereby move (the "Motion") the Court, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Court's inherent authority, and Rule 7012-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), staying the above-captioned adversary proceeding (the "Adversary Proceeding") for a period of at least thirty (30) days and to be terminated upon seven

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Lane, Irving, Texas 75038.

(7) days written notice by either Hartford or BSA to allow the parties to engage in mediation.  In support of the Motion the Parties state as follows:

## BACKGROUND

### The Adversary Proceeding

1.     On May 15, 2020 Hartford filed its complaint (the "Complaint") [Adv. Doc. No. 1] commencing the above-captioned adversary proceeding ("Adversary Proceeding") against BSA, certain local councils, and certain BSA insurers.

2.     On July 30, 2020, Hartford and insurer Defendant General Star Indemnity Company ("General Star") filed the *Stipulation for Extension of Time* [Adv. Doc. No. 10], extending the time within which General Star must answer, move, or otherwise respond to the Complaint.

3.     On August 10, 2020, Hartford and insurer Defendants Landmark Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company Of Pittsburgh PA, The Insurance Company of the State of Pennsylvania (collectively "AIG") filed the *Stipulation for Extension of Time* [Adv. Doc. No. 10], extending the time within which AIG must answer, move, or otherwise respond to the Complaint.

4.     On August 14, 2020, BSA and the local councils named as Defendants filed a *Motion to Dismiss Plaintiffs' Complaint* [Adv. Doc. No. 22].  Pursuant to the *Stipulation for Extension of Time for Defendants to Respond to the Motion to Dismiss* [Adv. Doc. No. 34], Hartford's opposition to BSA and the local councils' *Motion to Dismiss Plaintiffs' Complaint* is currently due on September 25, 2020.

5.     Defendant Utica Mutual Insurance Company filed an Answer to the Complaint on the same day [Adv. Doc. No. 20].

6.      None of the other parties have answered or otherwise responded to the Complaint as of the date of this filing.[2]

**The Bankruptcy Proceeding and Mediation**

7.      On June 9, 2009, this Court entered an order referring various disputes, including insurance coverage disputes between Hartford, BSA, and certain of BSA's other insurers that are parties to this Adversary Proceeding, to mediation.  *See Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* (the "Mediation Order") [Dkt. No. 812].

8.      In light of the Mediation Order, Hartford and BSA seek a stay for a period of at least thirty (30) days while the Parties attempt to mediate their disputes.  The Parties further agree that, following the initial thirty (30) day period, the stay may be terminated by either Party on seven (7) days' written notice to the other Party.

## RELIEF REQUESTED

9.      The Parties respectfully request that the Court enter an order, substantially in the form attached, staying the Adversary Proceeding for a period of at least thirty (30) days while the Parties attempt to mediate their disputes and, permitting either Party to terminate the stay, following the initial thirty (30) day period, on seven (7) days' written notice to the other Party.

10.     The Parties respectfully request that the Court stay all litigation and discovery dates and deadlines pending further order of this Court, including the other parties' time to respond to the Complaint and Hartford's deadline to respond to the *Motion to Dismiss Plaintiffs' Complaint*.

## BASIS FOR RELIEF

11.     This Court is authorized to "issue any order, process, or judgment that is necessary

---

[2]      By the filing of this Motion and pursuant to Del. Bankr. L.R. 9006-2, the time for filing answers or responses in the Adversary Proceeding is extended until the Court rules on this Motion

or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Additionally, the Supreme Court has emphasized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

12.     The Court has ordered Hartford, BSA and a number of the other parties to this Adversary Proceeding to mediation.  *See Mediation Order.*    A stay will allow the Parties time to see if they can resolve their disputes.

13.     No party to this action will be prejudiced by a stay as no pre-trial order has yet been entered in this Adversary Proceeding.

## CONCLUSION

14.     For the reasons described in this Motion, staying this Adversary Proceeding for at least thirty (30) days while the parties pursue mediation will benefit all parties to this Adversary Proceeding.  Accordingly, the Parties request that the Court stay this Adversary Proceeding for a period of at least thirty (30) days, and permit them to terminate the stay upon seven (7) days written notice by either Hartford or BSA.

Date:  September 1, 2020
  Wilmington, Delaware

BAYARD, P.A.

*/s/ Gregory J. Flasser*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com
          gflasser@bayardlaw.com

- and -

James P. Ruggeri (admitted *pro hac vice*)
Joshua D. Weinberg (admitted *pro hac vice*)
Abigail W. Williams (admitted *pro hac vice*)
Shipman & Goodwin LLP
1875 K Street, NW, Suite 600
Washington, DC 20003
Tel:  (202) 469-7750
Fax:  (202) 469-7751

*Attorneys for First State Insurance Company and
Hartford Accident and Indemnity Company*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@mnat.com
aremming@mnat.com
ptopper@mnat.com
emoats@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Email: jboelter@sidley.com

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Email: tlabuda@sidley.com
        mandolina@sidley.com
        mlinder@sidley.com

*Attorneys for the Debtors and Debtors in Possession*